## Anderson Crawford Bowling's Trustee in Bankruptcy v. G. A. Bowling, et al.

(Decided June 1, 1926.)

### Appeal from Laurel Circuit Court.

1. Fraudulent Conveyances.—Purchaser's testimony held to support finding that he bought land in good faith from brother, not knowing that latter was insolvent.

2. Appeal and Error—Court of Appeals will not disturb trial court's findings of fact where mind is left in doubt as to truth.

3. Fraudulent Conveyances.—Conveyance of land by insolvent grantor to grantee purchasing in good faith and for adequate consideration held not invalid.

H. S. McELROY and W. H. SPRAGEN for appellant.

H. CLAY KAUFFMAN and J. E. ROBINSON and GEORGE BROCK for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On June 18, 1924, Anderson C. Bowling was duly adjudged a bankrupt and Charles C. Bolderick was duly appointed trustee in bankruptcy of the estate of the bankrupt. On September 4, 1924, he filed this action against Green T. Bowling to set aside a deed executed to him by Anderson Bowling on February 5, 1924, alleging that the conveyance was made when Anderson Bowling was insolvent and for the fraudulent purpose of cheating and hindering his creditors. The allegations of the petition were denied by answer; proof was taken and on final hearing the circuit court dismissed the petition. The trustee in bankruptcy appeals. The facts are these:

Prior to September, 1921, Anderson Bowling lived in Laurel county. On September 2, 1921, he bought of William Webster a storehouse and a stock of goods at Raywick, Kentucky, and then moved to Raywick and ran the store. He agreed to pay Webster $5,750.00 for the real estate and $5,000.00 for the stock of goods. He paid at the time of the purchase $5,000.00, and gave notes for the remainder of the price. He failed to pay the first note when it was due and after some delay, Webster, in January, 1924, brought suit against Anderson Bowling on the note in the Marion circuit court. Bowling owned a

farm in Laurel county. He went to Laurel county and offered the farm for $2,500.00, but was unable to sell it there. He then saw Webster and offered to sell him the farm for $2,500.00, but Webster declined it. Green Bowling was a prosperous farmer in Garrard county who dealt in live stock. He owned 343 acres of valuable land and he had money in bank. He came down about the first of February to Washington county to buy mules and after he finished his business at Springfield went over to Raywick to see his brother Anderson. While there Anderson told him that he had offered his Laurel county farm for $2,500.00 and had been unable to sell it. Green Bowling knew the land and then told his brother that he would give him $2,500.00 for it. The deed was drawn; the money was paid; Green Bowling took the deed home with him and had it recorded. He testifies that he bought the land in good faith because he thought he could make a hundred or two dollars on it and that he had no knowledge that his brother was in bad financial condition. He says his brother told him he was doing very well but that his daughter was in the hospital and he had a son in college and needed some money. After Green Bowling went home Anderson moved the stock of goods to Chicago, Kentucky, and opened a store there in the name of his son, J. H. Bowling, but in March the storehouse burned down and the stock was a total loss, there being no insurance. Some months after this Anderson Bowling was forced into bankruptcy. There is some proof that after Green Bowling left, it was said by someone at the store over the telephone that Anderson had sold the stock of goods to Green Bowling, but there is no evidence that Green Bowling was there then.

The case presents a simple question of fact which turns on the credibility of the testimony of Green Bowling. There are no facts shown contradicting his testimony and he is in no way impeached. The circuit judge, who is on the ground and knows local conditions, is peculiarly qualified to pass on the credibility of the witnesses. It is a rule of this court not to disturb his finding of fact where the mind is left in doubt as to the truth, and on the whole case we cannot say that the circuit court abused a sound discretion in refusing to disregard the testimony of Green Bowling.

There is no evidence that the land was worth more than $2,500.00. There was no effort to show that the price was not in good faith paid. If the testimony of Green

Bowling is believed the case falls within the rule thus often laid down by this court:

> "We are also of opinion that if the consideration paid, was fairly adequate to the value of the interest sold and conveyed by the deed, as understood at the time, the fraudulent intent of the grantor, if it existed, would not affect the validity of the deed unless the grantee participated in that intent." Ratcliff v. Trimble, 12 B. M., 38; Interstate Petroleum Co. v. Farris, 159 Ky. 624, and cases cited.

Judgment affirmed.